IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00875-WJM-MJW

ROY ALBERT KAHN,

      Applicant,

v.

CHARLES DANIELS,

      Respondent.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

MICHAEL J. WATANABE, United States Magistrate Judge

This matter is before the Court pursuant to an Order of Reference to United States Magistrate Judge issued on May 3, 2012, by District Judge William J. Martinez (Doc. No. 16).

Applicant, Roy Albert Kahn, is a federal prisoner incarcerated at the United States Penitentiary in Florence, Colorado.  Before the Court for a report and recommendation is the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 filed by Applicant on April 4, 20112 (hereinafter "the Application") (Doc. No. 1).  Respondent filed an Answer on May 24, 2012 (Doc. No. 17).  Applicant filed a Reply on June 14, 2012 (Doc. No. 18).

The Court has considered the Application, the Answer and the Reply as well as applicable Federal Rules of Civil Procedure, statutes, and case law and has taken judicial notice of the Court's file.  The Court now being fully informed makes the following findings, conclusions of law, and recommendation. Because the Applicant is

proceeding without counsel, the Court has "construe[d] his pleadings liberally, but [has not] act[ed] as his advocate." *Ford v. Pryor*, 552 F.3d 1174, 1178 (10th Cir. 2008).

## I. Background

Applicant is currently serving a 110-month sentence imposed in 2004 by the United States District Court for the Southern District of Florida. *See* Answer at Ex. A, p. 2. He was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). *Id.* Applicant has a projected release date of September 12, 2012, via good conduct time release. *Id.*

On April 10, 2006, Applicant received an incident report for Code 201, fighting with another inmate, while incarcerated at the USP Coleman in Florida. *Id.* at 3. The incident report alleged that on April 10, 2006, Applicant was observed wrestling with another inmate and that Applicant struck the inmate in the face with his closed fist. *Id.*

On April 20, 2006, the Discipline Hearing Officer (DHO) conducted a hearing with respect to the incident report. *Id.* The DHO concluded that Applicant did commit the prohibited act of Code 201. *Id.* at 3. As a result of the finding, Applicant was sanctioned to thirty days of disciplinary segregation (suspended), and twenty-seven days disallowance of good conduct time. *Id.*

## II. Application

Applicant initiated this action by filing a *pro se* 28 U.S.C. § 2241 Application on April 4, 2012 (Doc. No. 1). Applicant asserts that his due process rights have been violated because twenty-seven days of good conduct time have been "erroneously forfeited" from his record. Memorandum (Docket No. 3) at 3. He further alleges that his

2

central file does "not contain an accurate 'record of the hearing and supporting documents in the inmate central file' . . . as required by due process." *Id.* at 5.  After being ordered to file a preliminary response, Respondent informed the Court that it would not raise the affirmative defense of exhaustion of administrative remedies (Doc. No. 10). The case was drawn to a district judge and a magistrate judge on May 1, 2012.

## III.  Legal Standard

A section 2241 habeas proceeding is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir.1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).  "A motion pursuant to § 2241 generally . . . [includes] such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Hernandez v. Davis*, No. 07–cv–02406, 2008 WL 2955856, at *7 (D. Colo. July 30, 1998) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)). "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996).  Here, Applicant correctly filed the Application challenging the disciplinary hearing in the District of Colorado, where he was incarcerated at the time of filing.

## IV.  Analysis

Applicant asserts that his due process rights have been violated.  The Due Process Clause provides that "[n]o person shall . . . be deprived of life, liberty, or

property, without due process of law." U.S. Const. amend. V. In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court recognized that the Due Process Clause provides certain minimum protections for inmates facing the loss of good time credits as a disciplinary sanction. The *Wolff* Court held that an inmate must receive: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact-finder of the evidence relied upon and the reasons for the disciplinary action." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985) (discussing *Wolff*, 418 U.S. at 563-67).

The affidavit of James Carey, the DHO who presided over Applicant's disciplinary hearing, is attached to the Answer. *See* Answer at Attach. 1. In the affidavit, Mr. Carey declares the following:

> On April 10, 2006, Applicant received an incident report for Fighting with Another Person (Code 201) while incarcerated at USP Coleman, Florida. *See* Attachment 1, SENTRY Chronological Disciplinary Record; Attachment 2, DHO Report. On April 20, 2006, I conducted a hearing in regard to the aforementioned incident report. *Id.*
>
> I found that Applicant did commit the prohibited act of Code 201, as charged. *Id.* As a result of the finding, I sanctioned Applicant as follows: 30 days disciplinary segregation (which was suspended), and 27 days disallowance of good conduct time. *Id.* At the conclusion of the DHO hearing, I made Applicant aware of these sanctions.
>
> The same sanction of 27 days disallowance of good conduct time is reflected in both the DHO Report and SENTRY. *Id.*

Answer at Attach. 1, p. 2-3.

The records attached to the Answer also demonstrate that the sanction of 27 days disallowance of good conduct time was imposed by the DHO on April 20, 2006.

The DHO report states "27 days disallow good conduct time."  Answer at Ex. 1, Attach. 2, p. 3.  The SENTRY[1] data recording the sanction states "DIS GCT/27 days", which Respondent explains is a code that means that the discipline imposed was a disallowance of 27 days good time credit.  *See* Answer at 2; Ex. 1, Attach. 1.

Applicant argues that the 27 days of good conduct time was "erroneously forfeited" because the "27 days GCT that is reflected in SENTRY of BOP does not accurately reflect [Applicant's] central file."  Memorandum at 3-4.  He asserts that 28 C.F.R. § 541.17(h) has been violated, because his "central file does not contain an accurate 'record of the hearing and supporting documents' . . . ."  *Id.* at 5.

The regulation to which Applicant cites provides that "[a] record of the hearing and supporting documents are to be kept in the inmate central file."  28 C.F.R. § 541.17(h) (2010).  Applicant provides no support for his argument that his "central file" contains false information.  Moreover, the documents attached to the Answer demonstrate that the sanction of 27 days disallowance of good conduct time was imposed by the DHO on April 20, 2006, and this sanction is reflected in the SENTRY database.  *See* Answer at Ex. 1.  Finally, to the extent Applicant argues that he was denied due process simply because BOP staff may have failed to follow the relevant CFR's, in *Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993) (citing *Davis v. Scherer*, 468 U.S. 183, 194 (1984)), the Tenth Circuit stated that "a failure to adhere to administrative regulations does not equate to a constitutional violation."  A review of an

---

[1]Respondent explains that "SENTRY is the BOP's national database that tracks various date regarding an inmate's confinement, including, but not limited to, an inmate's institutional history, sentencing information, participation in programs, administrative remedies, and discipline history."  Answer at 2, fn.1.

applicant's disciplinary proceeding is "limited to whether the three steps mandated by *Wolff* were followed and whether there was some evidence to support the disciplinary committee's findings." *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996); *see also Diaz v. McGuire*, 154 Fed. Appx. 81, 84085 (10th Cir. Nov. 14, 2005) (unpublished opinion) (stating that prison regulations are not designed to confer rights on inmates, and the process which is due is measured by the due process clause).  Applicant does not deny that he received notice at the hearing that the sanction of 27 days disallowance of good conduct time was being imposed as a result of his disciplinary conviction.  Applicant also does not argue that he was denied due process as set forth by the Supreme Court in *Wolff.  See Hill*, 472 U.S. at 454.  Therefore, the Court finds that Applicant's claim lacks merit and he is not entitled to relief on this claim.

**WHEREFORE**, for the foregoing reasons, the Court respectfully **RECOMMENDS** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 1; April 4, 2012) be DENIED and that the case be DISMISSED with prejudice.

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, *Thomas*

*v. Arn*, 474 U.S. 140, 148–53 (1985), and also waives appellate review of both factual

and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir.1999);

*Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir.1996).


Date:  July 31, 2012                         s/ Michael J. Watanabe
           Denver, Colorado                  Michael J. Watanabe
                                             United States Magistrate Judge